UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID H. HOFFMAN,<br><br>               Petitioner/Plaintiff,<br>    v.<br><br>MAJOR GENERAL JEFFREY LOFGREN (In His Official Capacity), United States Air Force,<br><br>               Respondent/Defendant. | Case No. 3:13-cv-00635-MMD-VPC<br><br>ORDER<br><br>(Def's Motion to Dismiss – dkt. no. 8; Plf's Motion to Dismiss Unknown Motion – dkt. no. 10; Plf's Motion for Summary Judgment – dkt. no. 11; Plf's Petition for Equitable Relief – dkt. no. 12; Plf's Request for Delay – dkt. no. 21) |

Before the Court is *pro se* Petitioner/Plaintiff David Hoffman's ("Hoffman") writ of mandamus petition brought pursuant to 28 U.S.C. § 1361 ("Petition"). (Dkt. no. 1.) The Petition is brought solely against Respondent/Defendant Major General Jeffrey Lofgren ("Lofgren") in his official capacity as the "highest ranking Air Force officer located in this Court's jurisdiction." (*Id.* ¶ 5.) Lofgren moved to dismiss the Petition on several grounds, including lack of jurisdiction due to sovereign immunity pursuant to Fed. R. Civ. P. 12(b)(1) ("Motion to Dismiss"). (Dkt. no. 8.)

Sovereign immunity is a threshold issue that goes to the court's subject matter jurisdiction. *Cassirer v. Kingdom of Spain*, 616 F.3d 1019, 1026 (9th Cir. 2010). When a party makes a factual attack on the district court's subject matter jurisdiction under Rule 12(b)(1), the court "need not presume the truthfulness of the plaintiffs' allegations." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (citation omitted). The party asserting jurisdiction bears the burden of establishing subject matter jurisdiction on a Rule 12(b)(1) motion to dismiss. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

The Court finds that the Petition is, in effect, a suit against the United States to which the United States has not consented and therefore the Court is without jurisdiction on grounds of sovereign immunity. The United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued. *United States v. Shaw*, 309 U.S. 495, 500-01 (1940); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) (citations omitted). Such waiver cannot be implied, but must be unequivocally expressed. *Gilbert*, 756 F.2d at 1458 (*citing United States v. King*, 395 U.S. 1, 4 (1969)). A suit against officers or employees of the United States in their official capacity is a suit against the United States. *Gilbert*, 756 F.2d at 1458. The mandamus statute pursuant to which this action is brought, 28 U.S.C. § 1361, does not waive the sovereign immunity of the United States. *See Pit River Home and Agr. Co-op. Ass'n*, 30 F.3d 1088, 1098 n.5 (9th Cir. 1994) (*citing Smith v. Grimm*, 534 F.2d 1346, 1352 n. 9 (9th Cir. 1976)). Consequently, Hoffman's mandamus action against Lofgren in his official capacity as an Air Force officer is barred by the United States' sovereign immunity and this Court does not have jurisdiction.

Hoffman did not file an opposition to the Motion to Dismiss. After the Motion to Dismiss was filed, the Court entered a minute order regarding the requirements of *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988) and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998). (Dkt. no. 9.) In response to the minute order, Hoffman moved to dismiss the "unknown motion," arguing that he did not receive the motion to which the minute order refers and that this "unknown motion" should therefore be dismissed. (Dkt. no. 10.) In response, Lofgren submitted the affidavit of Judy Farmer, legal assistant of the United States Attorney's Office in Reno, Nevada, in which she states that the Motion to Dismiss was sent to Hoffman the day it was filed and that she sent another copy by first class mail to Hoffman's address the day after Hoffman moved to dismiss the "unknown motion." (Dkt. no. 13-1.) Hoffman did not reply to Lofgren's response or the declaration.

Hoffman's filings subsequent to the Motion to Dismiss further indicate that he did indeed receive it. In an apparent response to the sovereign immunity argument in the

Motion to Dismiss, Hoffman has asked for leave to amend to name Lofgren as defendant in his individual capacity. (*See* dkt. nos. 12, 16.) Further, the Motion to Dismiss argued, for the first time, that Hoffman did not properly serve Lofgren. (Dkt. no. 8 at 8-9.) Hoffman responded to this argument in his request for leave to amend, stating that "[i]n response to Defendant's allegation that Plaintiff did not properly serve Defendant, Plaintiff presents Exhibit A, copy of United States Postal Service return receipts, showing Defendant accepting service." (Dkt. no. 12 ¶ 2.)

The Court therefore concludes that Hoffman did receive a copy of the Motion to Dismiss and neither filed an opposition nor requested additional time from this Court to file an opposition. Hoffman's motion to dismiss the "unknown motion" (dkt. no. 10) is therefore denied.

Hoffman's requests for leave to amend (dkt. nos. 12, 16) are denied because Hoffman failed to attach a proposed amended complaint. *See* LR 15-1.

It is hereby ordered that Respondent/Defendant's Motion to Dismiss (dkt. no. 8) is granted. This action is dismissed.

It is further ordered that Petitioner/Plaintiff's Motion to Dismiss Unknown Motion (dkt. no. 10) is denied.

It is further ordered that Petitioner/Plaintiff's motions for leave to amend (dkt. nos. 12, 16) are denied.

It is further ordered that Petitioner/Plaintiff's motion for summary judgment (dkt. no. 11) and request for a stay (dkt. no. 21) are denied as moot.

The Clerk is ordered to close this case.

DATED THIS 22nd day of September 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE