UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID H. HOFFMAN,<br><br>     Petitioner/Plaintiff,<br>  v.<br><br>MAJOR GENERAL JEFFREY LOFGREN (In His Official Capacity), United States Air Force,<br><br>     Respondent/Defendant. | Case No. 3:13-cv-00635-MMD-VPC<br><br>ORDER<br><br>(Def's Request to Proceed with 28 U.S.C. § 1331 Action – dkt. no. 26) |

  Before the Court is *pro se* Petitioner/Plaintiff David Hoffman's ("Hoffman") request to proceed with 28 U.S.C. § 1331 action. (Dkt. no. 26.) On September 22, 2014, the Court entered an Order dismissing this action on jurisdictional grounds, finding that Plaintiff's petition for writ of mandamus against Respondent/Defendant Major General Jeffrey Lofgren ("Lofgren") in his official capacity as the "highest ranking Air Force officer located in this Court's jurisdiction" was barred by the United States' sovereign immunity. (Dkt. no. 25.)

  The jurisdictional statement in the Petition states that this Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1361. (Dkt. no. 1 at 1.) In the Order, the Court focused on § 1361, which provides original jurisdiction for mandamus actions to compel an officer or employee of the United States or any agency thereof to perform a duty for the Plaintiff. (Dkt. no. 25.) The Court found that § 1361 does not waive sovereign immunity. (*Id.*) Hoffman now seeks to proceed his § 1331 action.

1 | Section 1331 gives the Court original jurisdiction over civil actions that "arise under" federal law. See 28 U.S.C. § 1331. It does not, however, provide a legal basis for an action. The Court focused its analysis on § 1361 because that statute identifies the legal basis for Hoffman's action, mandamus, and provides for original jurisdiction over such claims. To the extent that Hoffman is asserting that this Court has jurisdiction over his mandamus action pursuant to § 1331, Hoffman is incorrect for the same reasons the Court outlined in its Order. Specifically, § 1331 does not waive the United States' sovereign immunity from suit. *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983) (*citing Kester v. Campbell*, 652 F.2d 13, 15 (9th Cir. 1981)). As neither § 1331 nor § 1361 waive sovereign immunity, the Court does not have jurisdiction under either of those statutes.

It is therefore ordered that Hoffman's request to proceed under 28 U.S.C. § 1331 (dkt. no. 26) is denied.

DATED THIS 15th day of October 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE