UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID H. HOFFMAN,<br><br>   Petitioner/Plaintiff,<br>   v.<br><br>MAJOR GENERAL JEFFREY LOFGREN (In His Official Capacity), United States Air Force,<br><br>   Respondent/Defendant. | Case No. 3:13-cv-00635-MMD-VPC<br><br>ORDER<br><br>(Pltf's Motion to Rescind – dkt. no. 28) |

Before the Court is *pro se* Petitioner/Plaintiff David Hoffman's ("Hoffman") Motion to Rescind ("Motion"), requesting that the Court rescind its Order dismissing this case ("Dismissal Order"). (Dkt. no. 28.) For the reasons discussed below, Hoffman's Motion is denied.

In the Order, the Court found that Plaintiff's petition for writ of mandamus against Respondent/Defendant Major General Jeffrey Lofgren ("Lofgren") in his official capacity as the "highest ranking Air Force officer located in this Court's jurisdiction" was barred by the United States' sovereign immunity. (Dkt. no. 25.)  In response to Hoffman's request to proceed with 28 U.S.C. § 1331 action (dkt. no. 26), the Court explained that § 1331 does not waive the United States' sovereign immunity from suit. *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983) (*citing Kester v. Campbell*, 652 F.2d 13, 15 (9th Cir. 1981)). As neither § 1331 nor § 1361 waive sovereign immunity, the Court does not have jurisdiction under either of those statutes.

The Court construes Hoffman's Motion as a request for reconsideration and denies Hoffman's request. The Court lacks jurisdiction over this action and the claimed non-monetary relief requested by Hoffman does not confer jurisdiction.

It is therefore ordered that Hoffman's Motion to Rescind (dkt. no. 28) is denied.

DATED THIS 21st day of October 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE