UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DAVID H. HOFFMAN,<br><br>　　　　　　　　Petitioner/Plaintiff,<br>　　　v.<br><br>MAJOR GENERAL JEFFREY LOFGREN (In His Official Capacity), United States Air Force,<br><br>　　　　　　　　Respondent/Defendant. | Case No. 3:13-cv-00635-MMD-VPC<br><br>ORDER<br><br>(Def's Request for Clarification – dkt. no. 30) |

Before the Court is *pro se* Petitioner/Plaintiff David Hoffman's ("Hoffman") request for clarification regarding this Court's October 21, 2014, order denying Plaintiff's motion to rescind. (Dkt. no. 30.) On September 22, 2014, the Court entered an order dismissing this action on jurisdictional grounds, finding that Plaintiff's petition for writ of mandamus against Respondent/Defendant Major General Jeffrey Lofgren ("Lofgren") in his official capacity as the "highest ranking Air Force officer located in this Court's jurisdiction" was barred by the United States' sovereign immunity. (Dkt. no. 25.) Plaintiff requested this Court rescind its order dismissing this case. (Dkt. no. 28.) In its order entered October 21, 2014, the Court construed Plaintiff's motion to rescind as a motion for reconsideration and reaffirmed that the Court does not have jurisdiction over this action. (*Id.*)

Plaintiff's motion to rescind asserts that he has stated a claim pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C. § 702, which raises a federal question for the purposes of 28 U.S.C. § 1331 jurisdiction. (Dkt. no. 28.) In this Court's order

denying Plaintiff's motion to rescind, the Court reaffirmed that it lacks jurisdiction because 28 U.S.C. §§ 1331 and 1361 do not waive sovereign immunity. (Dkt. no. 29.) Plaintiff seeks clarification on whether 5 U.S.C. § 702 does waive sovereign immunity in this case. (Dkt. no. 30.) The APA generally waives the sovereign immunity from a suit "seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority." 5 U.S.C. § 702. However, the Petition does not assert its claims pursuant to 5 U.S.C. § 702. (Dkt. no. 1.) As the Court noted in a previous order, mandamus appears to be the sole legal basis asserted by Plaintiff in the Petition. (Dkt. no. 27.) To the extent that Plaintiff asks this Court to determine whether it would have jurisdiction over a 5 U.S.C. § 702 claim based on the allegations in the Petition, the Court declines to provide such an advisory opinion.

It is therefore ordered that Hoffman's request for clarification (dkt. no. 30) is denied.

DATED THIS 29th day of October 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE